IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RASHAD K. RICHMOND (M-41803), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-06411 |
| v. ) | |
| ) | Hon. Sharon Johnson Coleman |
| CTO FABERIOLA, ILLINOIS ) | |
| DEPARTMENT OF CORRECTIONS, DR. ) | |
| CATHERINE LARRY, and LIEUTENANT ) | |
| WALKER, ) | |
| ) | |
| Defendants. ) | |

### FIRST AMENDED COMPLAINT

Plaintiff, Rashad K. Richmond (M-41803), by his Court appointed counsel, Martin J. O'Hara, complains against CTO Faberiola, the Illinois Department of Corrections, Dr. Catherine Larry, and Lieutenant Walker as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343(a); and the Constitution of the United States.

### PARTIES

3. Plaintiff Rashad K. Richmond ("Richmond") is currently incarcerated by the Illinois Department of Corrections at the Dixon Correctional Facility. In April 2024, Richmond was incarcerated at the Joliet Treatment Center.

4. CTO Faberiola was at all relevant times a Corrections Officer employed by the Illinois Department of Corrections and assigned to the Joliet Treatment Center.

5. The Illinois Department of Corrections (the "IDOC") is the department of the Illinois state government that operates the adult prison system.

6. Dr. Catherine Larry ("Dr. Larry") was at all relevant times the warden of the Joliet Treatment Center.

7. Lieutenant Walker was at all relevant times a Corrections Officer employed by the Illinois Department of Corrections and assigned to the Joliet Treatment Center.

**FACTUAL BACKGROUND**

8. On or about April 2024, Richmond was housed by the IDOC at the Joliet Treatment Center. Richmond was placed on crisis watch at the time because he was in a severe mental condition, including experiencing auditory hallucination. Moreover, as a result of his severe situation, Dr. Colon placed Richmond on what is termed "continuous watch". An inmate on continuous watch is observed at all times by corrections officers to ensure that the inmate does not injure himself.

9. After being on continuous watch for a period of time, Dr. Colon moved Richmond from continuous watch to a watch that required checking on him by corrections officers every ten minutes to ensure that the inmate is not injuring himself.

10. When Richmond was changed from continuous watch to ten-minute intervals, he was moved from cell A-15 to cell A-12. Cell A-12 had previously been used as a medical watch cell and had an exposed cable cord sticking out of the wall. The cord was live with power running to it. While this would not be an issue for an inmate on medical watch, it presented a potentially

2

horrific condition for an inmate on crisis watch, particularly an inmate experiencing auditory hallucination.

11. CTO Faberiola and Lieutenant Walker oversaw the move of Richmond from cell A-15 to cell A-12.

12. Upon arriving at cell A-12, Richmond advised CTO Faberiola and Lieutenant Walker about the power cord coming out of the wall and the danger that it presented to him in his severe condition. However, neither CTO Faberiola nor Lieutenant Walker took any action to ensure that Richmond was placed in a safe environment but instead articulated a disregard for his well-being. They ignored Richmond's plea as to the danger that the live power cord presented. Eliminating the danger was easily done by simply moving Richmond to a cell that did not have a live power cord coming out of the wall, but Defendants failed to take such simple action.

13. Not surprisingly, upon being left in cell number A-12, Richmond caused great harm to himself by using the live power cord coming out of the wall to severely burn his right leg. Richmond was taken to Loyola Hospital to obtain medical treatment for the burns. The damage was so severe that a skin graph was required to repair the injury.

14. An inmate on crisis watch should never have been housed in a cell which had a live power cord coming out of the wall. On information and belief, the cells typically used for crisis watch are devoid of live power cords or other instruments that an inmate can use to cause grave self-harm. Richmond thus should never have been placed in cell A-12 when he was experiencing a severe mental health crisis that included auditory hallucination.

### COUNT I: 42 U.S.C. § 1983 – Failure to Provide Humane Conditions

15. Plaintiff re-alleges paragraphs 1-14 as though fully set forth herein as paragraph 15.

16. As described above, Defendants had notice of Richmond's objectively serious mental health condition.

17. Despite Defendants' notice, they failed to provide Plaintiff with a safe condition while he was on crisis watch by placing him in a cell that contained an exposed live power cord in violation of the Eighth Amendment of the United States Constitution.

18. As a result of the unjustified and unconstitutional conduct of Defendants, Plaintiff experienced pain, suffering, emotional distress, and injury.

19. The misconduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Richmond.

20. Alternatively, Defendants were deliberately indifferent to Richmond's objectively serious mental health situation, and their actions were taken intentionally with malice, willfulness, and deliberate indifference to the rights of Richmond.

21. Richmond was harmed as a result of the unconstitutional conduct of Defendants including, but not limited to, severe pain, physical injury, mental suffering, and anguish.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Richmond demands judgment against the individual Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other relief as this Court deems equitable and just.

Respectfully submitted,

RASHAD K. RICHMOND (M-41803)

By: */s/Martin J. O'Hara*
One of His Attorneys

Martin J. O'Hara (ARDC #6229971)
MUCH SHELIST, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000
mohara@muchlaw.com